## Ewing *v.* Scott *et al.*

The Supreme Court will regard no assignment of error, based upon the giving or refusing any instruction in the court below, unless it appears that excep-tion was taken at the time, and the instruction embodied in a bill of ex-ceptions, and made part of the record.

To make the instructions of the court a part of the record, they must be em-bodied in a bill of exceptions.    Otherwise, they will not be so regarded, though they may be in writing, and copied into the transcript by the clerk.

Where, in an action by the assignee, against the makers and one of the in-dorsers of a promissory note, which note was secured by a trust deed on real estate, S., one of the makers, answered, admitting the execution of the note and deed of trust, and the assignment of the note, by G. to C.; averring that he knew nothing of the assignment by C. to plaintiff; that he under-stood the note was pledged by C. to plaintiff, as security for $50 loaned, which he claimed had been paid; that the note had been fully paid, and the deed of trust canceled; and denying that the note is the property of the plaintiff; and where G., the indorser of the note, answered, admitting the assignment of the note to plaintiff; denying that the note or deed of trust is the property of plaintiff, and that any amount is due thereon; and averring that the note and deed were by him placed in plaintiff's possession, as a pledge or security for money borrowed, and that he did not thereby intend to transfer any right of action or general property to the plaintiff, but only a special property, until the money borrowed should be paid, and that the money loaned by plaintiff, had been paid or tendered to him by de-fendant; and where the replication of the plaintiff to these answers, denied the new matter set up, and averred that it was expressly agreed, that plain-tiff was to collect the note of S., and pay himself the money loaned, with interest, and pay the remainder to C., and that C., with a view to defraud plaintiff, unlawfully entered upon the records, a cancelation of the deed of trust, and that the same was void, which replication was not denied; and

where on the trial of the cause, the defendants offered to prove the value of the property pledged to the plaintiff, proposing to follow it up with proof, that plaintiff had converted the pledge to his own use; that the property pledged was worth five or six times the amount of the sum for which the same was pledged; and that said property was pledged to secure the same debt for which this suit was brought, which evidence was sought to be introduced, after the defendants had given evidence of the sale of the trust property by the trustee, and a deed made to the purchaser, and which evidenco was rejected by the court; *Held,* That the court did not err in refusing to admit the evidence.

### *Appeal from the Des Moines District Court.*

JOHN SCOTT and John H. Scott, on the 13th of December, 1848, executed their promissory note to A. D. Green, for the sum of $287.50, payable on or before the 9th of December, 1849, bearing interest after maturity, at the rate of ten per centum per annum, until paid. On the same day, they executed a deed of trust to Green, to secure the payment of the note. The note was assigned by Green to S. M. Clendenin. On the 14th of July, 1852, Clendenin being indebted to plaintiff in the sum of fifty dollars, as security for the payment of the same, assigned the note on the Scotts to plaintiff, and gave to plaintiff, the following writing:

"I have this day transferred to W. B. Ewing, a note on John Scott and John H. Scott, for $287.50, with credit of $155, paid December 2, 1841, accompanied by deed of trust, out of which, said Ewing is to have fifty dollars, with twenty per cent. interest, balance to Samuel Clendenin. Dated this 14th day of July, 1852.     SAM'L M. CLENDENIN."

On the 5th day of December, 1852, Clendenin obtained twenty-five dollars from plaintiff, and gave the following receipt, in writing:

"Received, December 5, 1852, of W. B. Ewing, twenty-five dollars on account of a deed of trust, I assigned said Ewing on John and John H. Scott, in addition to fifty dollars, advanced on the 14th of July, 1852, and on same conditions, viz: twenty per cent. from date, till paid.
                    "SAM'L M. CLENDENIN."

There was a credit on the note of $155, paid at various times, up to December 2, 1851, and a further credit of $30, paid to plaintiff, February 1, 1853.

This suit was commenced by Ewing against the makers of the note, and Clendenin, one of the indorsers, October 3, 1854. The notice was served on John Scott and Clendenin. John H. Scott was not found by the sheriff. John Scott answers, admitting the execution of the note, and the deed of trust, to secure its payment, and the assignment of the note by Green to Clendenin; avers that he knew nothing of the assignment by Clendenin to plaintiff, but that he understood that the note was pledged by Clendenin to plaintiff, as security for fifty dollars loaned, which he claims has been paid to plaintiff; denies that the note is the property of plaintiff, and that any amount is due thereon to plaintiff, or any one else, and avers that the note has been fully paid, and the deed of trust canceled.

Clendenin admits the assignment of the note to plaintiff, but denies that the note or deed of trust is the property of plaintiff, and that any amount is due plaintiff thereon. He further avers, that the note and deed of trust, were by him placed in plaintiff's possession, as a pledge or security for money borrowed, and that he did not thereby intend to transfer any right of action, or general property, to plaintiff, but only a special property, until the money borrowed should be paid; and that the money loaned by plaintiff, has been paid, or tendered to him, by defendant. The replication of plaintiff denies, that there was no intention on the part of Clendenin to transfer the right of action on the note to plaintiff, and avers that it was expressly agreed, that plaintiff was to collect the note of Scott, and pay himself the several sums of money loaned, with interest, and pay the remainder to Clendenin. The replication also denies the payment or tender of said money to him by Clendenin, but avers that the same, with interest, is still due. The plaintiff further denies, that the note and deed of trust, or either of them, are paid and canceled, but alleges that defendant, Clendenin, with a view to defraud plaintiff, dishonestly and unlawfully,

entered upon the county records, a cancelation of said deed of trust, and avers that Clendenin, at the time, had no right so to do, and that said cancelation is void. There is also a general denial of the answers of the defendants. To this replication, there was no rejoinder.

The plaintiff gave in evidence, the note and assignments thereon, and the receipts of Clendenin for the $50 and the $25, and rested his cause. The defendants offered to introduce evidence to the jury, which the court ruled out, and to which defendants excepted. This evidence is stated in the bill of exceptions, as follows: "After plaintiff had closed his testimony, defendants introduced a witness, to prove the value of the property pledged to said plaintiff, proposing to follow it up with proof, to show that plaintiff had converted said pledge to his own use, and that the property pledged, was worth five or six times the amount of the sum for which the same was pledged; and that said property was pledged to secure the same debt for which this suit is brought. The record further shows, that this evidence was sought to be introduced, after defendants had introduced the record of a deed from A. D. Green, trustee of the property or land pledged, by which deed it appeared, that Green, at the request of Ewing, the holder of the note, on the 6th of May, 1853, sold the land conveyed to him as trustee, to secure the payment of the note by the Scotts, under the deed of trust, for seven dollars, and made a deed to the purchaser. To the ruling out of this testimony, defendants except, and the bill of exceptions is made part of the record." The jury found a verdict for plaintiff, for the balance due on the note, and judgment was rendered against defendants, John Scott and S. M. Clendenin, for the amount. From this judgment, defendants appeal.

*Browning & Tracy,* for the appellants.

*Starr & Phelps,* for the appellee.

STOCKTON, J.—The first, second, and fourth assignments

of error, question the correctness of the decision of the court below, in giving certain instructions asked by plaintiff, and in refusing those asked by defendants. The charge of the court to the jury, was reduced to writing. The instructions asked by the plaintiff, were also in writing, as well as those asked by defendants, and refused by the court. The charge of the court, together with the instructions given and refused, are copied into the transcript. Whether they are properly a part of the record, and whether the giving or refusing of said instructions, can be assigned for error in this court, unless excepted to at the time, and the exceptions made part of the record, is our first inquiry. The doctrine has been too long settled, to be now disturbed, that this court will regard no assignment of error, based upon the giving or refusing any instruction in the court below, unless it appears that exception was taken at the time, and the instruction embodied in a bill of exceptions, and made part of the record. In other words, we will regard no errors which do not appear of record. To make the instructions of the court a part of the record, they must be embodied in a bill of exceptions; otherwise, they will not be so regarded, though they may be in writing, and copied into the transcript by the clerk. *Brewington* v. *Patton & Swan*, 1 Iowa, 121 ; *Harriman* v. *The State*, 2 G. Greene, 280.

The third assignment of error, is, " that the court erred in refusing the evidence offered by defendants in the court below." It does not appear very clearly, from the bill of exceptions, whether the evidence sought to be introduced by defendants, was intended to show the value of the land conveyed to Green by the Scotts, as trustee to secure the payment of the note; or whether it referred to the note itself. The bill of exceptions shows, that defendants offered to prove the value of the property pledged to said plaintiff, proposing to follow it up with proof, to show that plaintiff had converted the pledge to his own use, and that the property was worth five or six times the amount of the debt it was pledged to secure.

Without undertaking to decide, whether or not this evi-

dence would have been proper, under some other state of pleadings, we are satisfied that it was properly ruled out, under the issues joined in this cause.   Scott, in his answer, admits that he knew of the transfer, or pledge, of the note, by Clendenin to Ewing, and that while the note was in Ewing's hands, he had paid him fifty dollars on it, but denies that the note was the property of Ewing, and avers that the note had been fully paid, and the deed of trust canceled.   Clendenin, in answer, avers that the note and deed of trust were placed in plaintiff's possession, as a pledge or security for the sum of $50, borrowed, to be repaid in six months, with interest; that the amount has been paid, or tendered to plaintiff; and that the note and deed of trust were no longer the property of plaintiff, and that nothing was due plaintiff thereon.   The replication of plaintiff avers, that it was expressly agreed, that plaintiff was to collect the note on Scott, and pay himself the said sum of $50, and also $25, borrowed of him by Clendenin, with interest, and pay the remainder to Clendenin; denies that the money borrowed had been tendered him; that the deed of trust and note, or either of them, are paid or canceled; avers that Clendenin unlawfully entered a cancelation of the deed of trust on the county records, and that said attempted cancelation is void, as at the time, plaintiff, and not Clendenin, was the owner of the note and deed of trust; plaintiff also denies, specifically, the answers of defendants.

The issues joined were: *First*, whether the money lent by Ewing to Clendenin, had been repaid to him, with interest; and *Second*, whether the Scotts had fully paid the note sued on.   Any evidence tending to elucidate these two questions, would have been relevant, and should have been admitted.   The defendant introduced and read to the jury, a deed made by A. D. Green to Jno. G. Foote, for the land conveyed by Scott to Green, as trustee, to secure the payment of the note assigned to plaintiff.   Green, at the instance of Ewing, the holder of the note, had advertised and sold the land under the deed of trust; it brought only seven dollars at the sale, and Green conveyed the land to the pur-

chaser.  We take it, that the offer of the defendant was to show the value of this land, and that plaintiff had converted it to his own use.  We are not certain that this was the object of defendant, owing to the obscurity of the language used; but we cannot arrive satisfactorily at any other conclusion.  It is true that it was the note that was pledged to Ewing, and we might be led to suppose from this fact, that the language of the bill of exceptions was intended to refer to the note of Scott, and to its conversion by plaintiff; but it can hardly be seriously contended, that plaintiff had converted the note to his own use, by bringing suit on it.  Ewing had acquired a special property in the note, by the assignment—the general property remaining in Clendenin, who had the right of redemption, even after default made by him in complying with his engagement.  2 Kent's Com. 452; Story on Bailments, § 308.  After the time stipulated for payment of the money borrowed of him, by Clendenin, Ewing might either sell the property pledged, or if, as in this case, it is a negotiable instrument, he might bring suit upon it, to enforce the collection of the amount due him from the pledgor.

The assignment of the note, so far as it transferred the property therein to Ewing, carried with it the right to any security the makers of the note had given to the original holder.  Upon default made by Clendenin, Ewing, as the assignee and holder thereof, had the right to require Green, the trustee, to sell the land conveyed to him by Scott, to secure the payment of the note.  If the land, when offered at public sale, did not bring enough to pay the note, or did not sell for its full value, we do not see that such failure can be in any manner attributable to plaintiff, or that he can on any safe ground, be held to accountability, as having, by requiring the land to be sold, converted the security to his own use.  It does not appear from the bill of exceptions, that there was any evidence offered, to show that Ewing had been paid his money loaned, with interest, or that it had been tendered him; nor is it contended that the evidence excluded by the court, would have tended to prove that

fact. The defendant, Scott, having admitted in his answer, that he was informed of the transfer of the note to plaintiff, and that after such transfer, he had paid a part of it to plaintiff, any evidence going to show that after such transfer and notice, Scott had paid the note to Clendenin, and procured Clendenin to cancel the deed of trust, was clearly inadmissible. We do not see how the evidence sought to be given by defendant, and excluded by the court, could have been properly received under the issues joined. Such evidence could only have amounted to this : that the land, at the instance of Ewing, had been offered at public sale by Green, the trustee, and had not brought as much as it was worth. Under what state of pleading, in this cause, any such testimony would have been admissible, we will not undertake to decide ; but we are clearly of opinion, that there was no error in the rejection by the District Court, under the state of pleading the record exhibits.

Judgment affirmed.