MANDERSCHEID v. THE DISTRICT COURT OF PLYMOUTH CO.

(Two Cases.)

EILENBECKER v. THE SAME.

BRANCH v. THE SAME.

GREENAN v. THE SAME.

PAYSON v. THE SAME.

1. Intoxicating Liquors: INJUNCTION: CONTEMPT: TITLE OF CAUSE. Where the selling of intoxicating liquors has been enjoined, proceedings

for contempt in disobeying the injunction may be entitled the same as the action in which the injunction was issued.

2. ——: ——: ——: RULE TO SHOW CAUSE. In such case, where defendants appeared and attempted to show cause why they should not be punished, *held* that they waived any irregularity in the rule to show cause.

3. ——: ——: ——: RIGHT TO JURY TRIAL. The fact that in such case the act constituting the contempt was also a crime under the statute, did not entitle the defendants to a jury trial.

4. Practice on Appeal: ERRORS WAIVED. Errors not objected to when made are deemed to have been waived.

SATURDAY, JUNE 19.

PROCEEDINGS in *certiorari* to test the validity of an order of fine and imprisonment made for an alleged contempt of court. The writ was issued in each case.

*Argo & Kelly, F. O'Donnoll* and *O. C. Tredway,* for plaintiffs.

*Struble, Rishel & Hart, S. M. Marsh* and *A. J. Baker, Attorney-general,* for defendant.

ADAMS, CH. J.—These cases are similar in most respects in regard to the facts, and they are submitted together. On the eighteenth day of March, 1886, the district court of Plymouth county adjudged the plaintiffs in the above-entitled cases to be in contempt, in violating certain writs of injunction issued to restrain them from maintaining a nuisance by selling intoxicating liquor upon certain described premises, in violation of law, and rendered a judgment of a fine of $500 in each of the cases against the plaintiff Manderscheid, and of $500 against each of the other plaintiffs, and ordered that each be imprisoned in the jail of Plymouth county for the period of three months, but if the fine should be paid within thirty days from the date of the order, the plaintiff should be released.

I. The first action for an injunction against Mander-

scheid was brought in the name of Hugh Campbell. The
other actions were brought in the names of
other individuals. The proceedings for contempt
were entitled the same as the respective actions
in which the injunctions were issued. These plaintiffs,
the defendants in the proceedings for contempt, moved to
strike from the files the affidavit and notice to show cause
against punishment for contempt, for the reason, as alleged,
that no such proceedings can be had in an equitable action
as such, and can only be brought and prosecuted in the name
of the state of Iowa. The court overruled the motion, and
these plaintiffs insist that the court acted illegally in so doing.
The court whose orders these plaintiffs were charged with
having disobeyed was the court of equity which issued the
injunctions. The same court must inflict the punishment
for contempt, for each court must see to it for itself that its
orders are not disobeyed. In *State v. Tipton*, 1 Blackf., 166,
BLACKFORD, J., said: " Whether the circuit court has been
treated with contempt or not is for that court alone to
decide." In our opinion, it was proper to conduct the pro-
ceedings for contempt under the titles of the respective
equity cases, for it was against the judicial authority exer-
cised in those cases that the alleged acts of contempt were
committed. It is true that the proceeding is not an equity
proceeding, but it is in aid of the enforcement of orders made
in an equity proceeding.

1. INTOXICA-
TING liquors:
injunction:
contempt:
title of cause.

II. The statute requires that a rule shall be served to
show cause against the punishment. The plaintiffs claim
that the statute never was complied with, because
what was served was a mere notice, signed by
the attorneys of the plaintiffs in the injunction actions. It
may be conceded that this was irregular; but these plaintiffs
appeared, and attempted to show cause, and were in no way
prejudiced by the irregularity.

2. ——: ——:
——: rule to
show cause.

III. It is insisted that these plaintiffs had a right to a
trial by jury because the same act, if committed, which con-

3. ——: ——: stituted the alleged contempt, constituted a
——: right
to jury trial. crime. But the court did not inflict punishment
of the act as a crime, but merely as violative of the injunc-
tion, and these plaintiffs may still be punished for the act as
a crime; and when they shall be prosecuted for that purpose
they will be entitled to a jury.

IV. It is said that the court proceeded illegally in try-
4. PRACTICE ing the cases upon *ex parte* affidavits. But it does
on appeal:
errors waived. not, we think, appear how the affidavits were
taken, and, besides, no objection appears to have been made
to their introduction.

V. The paintiffs insist that the evidence is insufficient to
sustain the judgments, but upon a separate reading we have
all reached a different conclusion.

Some questions presented in argument are more fully con-
sidered in *Jordan v. Circuit Court of Wapello Co., ante,*
177.

We have examined the cases fully, and do not find that
the court exceeded its jurisdiction, or acted illegally, and
the several judgments must be

AFFIRMED.