DOMENIC LEONETTI, Petitioner, v. HUBERT UTTERBACK, Judge, Respondent.

INTOXICATING LIQUORS:   Contempt—Injunction Limited to Particular Premises—Effect.   A party who is proceeded against only as owner, and is so enjoined as to specified premises, may not be adjudged guilty of contempt on evidence showing the mere *existence* of intoxicating liquors on other and different premises of which the party is owner.

CONTEMPT:   Jurisdiction—Belated Filing of Evidence.   Judgment for contempt on evidence which has not been made of record is a nullity.

Headnote 1: 33 C. J. p. 702 (Anno.)   Headnote 2:   13 C. J. p. 81 (Anno.); 33 C. J. p. 704 (Anno.)

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

DECEMBER 14, 1926.

Certiorari to annul a judgment of contempt for violating an injunction against maintaining a liquor nuisance.—*Writ sustained and judgment annulled.*

*E. S. Thayer,* for petitioner.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* Assistant County Attorney, for respondent.

MORLING, J.—The parties to the decree granting an injunction alleged in the contempt proceedings under review to have been violated were Mrs. Domenic Leonetti and the petitioner, Domenic Leonetti. By that decree it was found that Mrs. Domenic Leonetti had been engaged in the unlawful sale of intoxicating liquor at 1529 Granger Avenue, and that Domenic Leonetti was the owner of the premises. Mrs. Domenic Leonetti was restrained from selling, or keeping with intent to sell, intoxicating liquors in violation of law on the described premises, or at any other place in the state. Domenic Leonetti,

the petitioner, however, was merely restrained from maintaining a nuisance on those premises. That decree was entered February 14, 1924. On September 9, 1925, intoxicating liquors were found at the home of Domenic Leonetti at Southwest Ninth Street and Kirkwood Avenue. Leonetti was not present. His wife was, but she was not arrested, or, so far as appears, prosecuted. No question of responsibility of the husband for the crime of the wife is raised. See *State v. Reynolds,* 189 Iowa 1033; 30 Corpus Juris 794; *State v. Fertig,* 98 Iowa 139. Manifestly, the petitioner is not shown to have violated the injunction against him. It in effect merely restrained him as the owner of other and different premises than those upon which the nuisance under consideration here was being maintained. His wife, but not defendant, was restrained from the illegal selling or keeping for sale of intoxicating liquor at any place within the state.

The judgment of contempt was entered September 29, 1925. The reporter's notes were filed October 1, 1925. Under the settled rule, the court had no authority to render a judgment for

2. CONTEMPT: jurisdiction: belated filing of evidence.

contempt on evidence that was not of record at the time of such entry. *Dorgan v. Granger,* 76 Iowa 156; *Gibson v. Hutchinson,* 148 Iowa 139; *Joyner v. Utterback,* 198 Iowa 215; Code of 1924, Sections 12546 to 12548; *Sergio v. Utterback,* 202 Iowa 713.

The writ is sustained, and the judgment of contempt is annulled.—*Writ sustained and judgment annulled.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.