Bonnie L. LUTZ, Plaintiff,

v.

J. Hobart DARBYSHIRE, Judge in and for the District Court of Clinton County, Defendant.

No. 64136.

Supreme Court of Iowa.

Oct. 15, 1980.

Richard W. Farwell and Donald G. Senneff of Shaff, Farwell & Senneff, Clinton, for plaintiff.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK and LARSON, JJ.

REYNOLDSON, Chief Justice.

We granted certiorari in this contempt of court proceeding to examine the power of defendant court, on the basis of mailed notice to plaintiff's attorney only, to impose a ten–day jail term on plaintiff for failing to comply with the economic provisions of a dissolution decree. We now sustain the writ.

Plaintiff Bonnie L. Lutz was married to Oliver S. Lutz. This marriage was terminated in a Clinton County dissolution proceeding. The decree as enlarged placed title to the house in both parties as tenants in common. It provided for the property to be sold and the proceeds, after payment of certain indebtedness, to be divided. In the alternative, plaintiff was granted a thirty day option to purchase the property by paying a specified amount representing her former husband's equity. July 26, 1979, plaintiff timely appealed to contest the economic provisions of the amended decree.

August 28, 1979, Mr. Lutz filed an application to have plaintiff cited for contempt of court because she had neither listed the house for sale nor purchased the property by paying him for his equity. The application alleged the fact of the appeal, and plaintiff's failure to file a supersedeas bond. On the same day district court Judge L. D. Carstensen entered an order directing the clerk of court to issue a citation of contempt requiring plaintiff to appear and show cause why she should not be punished for contempt, which order also provided:

> It is further ordered that a copy of Petitioner's Application, a copy of this Order, and a copy of said Citation of Contempt shall be served upon Respondent by forwarding the same to her present counsel of record, Richard Farwell of SHAFF, FARWELL & SENNEFF, the said service to serve as notice of said hearing.

August 30, 1979, plaintiff through attorney Farwell filed a special appearance asserting the district court had no jurisdiction to hear the application for contempt because an appeal to this court had been filed in the underlying dissolution case.

September 17, 1979, this defendant, district Judge J. Hobart Darbyshire, overruled the special appearance. October 8, 1979, he filed a "Ruling on Petitioner's Application for Citation of Contempt" in which he noted a hearing had been held September 26, 1979, both parties had appeared by their attorneys, no evidence had been offered, and "Petitioner and Respondent proceeded only by way of argument of counsel."

Defendant's ruling further stated that plaintiff's counsel conceded plaintiff had not listed the property for sale, had not paid Mr. Lutz for his equity, and had not posted supersedeas bond.

Defendant court held that an appeal, absent a supersedeas bond or stay of this court, would not excuse plaintiff from complying with the dissolution decree. The court found plaintiff in contempt and gave her fourteen days to purge herself by paying Mr. Lutz, or entering into a written listing agreement for sale of the property, or posting a $15,000 supersedeas bond.

October 15, 1979, plaintiff filed a "Motion for New Trial and Motion to Vacate Judgment," claiming counsel's September 26 hearing appearance was also a "special appearance." For the first time counsel complained plaintiff was never personally served with the rule to show cause. See § 655.7, The Code 1979.

October 16, 1979, district Judge L. D. Carstensen signed an order scheduling the motions for oral arguments at 9:30 a. m. on November 5, 1979.

Mr. Lutz's resistance to the motions was filed October 18, 1979. It admitted no service of process was had upon the plaintiff, but alleged such service was waived by failure to raise this issue in the special appearance.

On the same date, October 18, 1979, before the day scheduled for oral arguments on plaintiff's motions, defendant district Judge J. Hobart Darbyshire summarily overruled plaintiff's motions. The court by subsequent order stayed mittimus until October 26, 1979. October 25, 1979, we were presented with a Petition for Writ of Cer-

tiorari and we stayed further district court proceedings. We subsequently granted the petition.

Before this court, plaintiff argues defendant acted illegally or without jurisdiction in holding her in contempt of court for failure to comply with the terms of a dissolution decree (1) when that decree was being appealed to this court, (2) when notice to show cause was not served personally as required by section 665.7, The Code, (3) when the findings upon which the court concluded she was in contempt were not supported by evidence, and (4) when there was no evidence, given by others and reduced to writing, filed and preserved as required by section 665.8, The Code.

I. *District court's contempt jurisdiction when appeal to supreme court is pending.*

Plaintiff argues that because her dissolution decree appeal challenged the order that she either sell the residence or buy out Mr. Lutz's share, district court had no jurisdiction to find her in contempt for failing to comply with that order. She relies exclusively on our decisions holding generally that upon filing an appeal trial court is divested of jurisdiction in the controversy and jurisdiction is with the supreme court until some part of the case is remanded for further action. *See, e. g., In re Estate of Tollefsrud,* 275 N.W.2d 412, 417 (Iowa 1979); *In re Marriage of Novak,* 220 N.W.2d 592, 596 (Iowa 1974); *McCauley v. Municipal Court,* 254 Iowa 1345, 1346, 121 N.W.2d 96, 96–97 (1963); *Scheffers v. Scheffers,* 241 Iowa 1217, 1227, 44 N.W.2d 676, 681 (1950).

These cases are inapposite, for in each instance trial court sought to enter a further order or take some action that would somehow modify the issues on appeal or change the orders appealed from. Here the district court contempt proceeding was brought to enforce the decree, not to modify or change it.

Plaintiff ignores the provisions of Iowa R.App.P. 7, which states in relevant part:

No appeal shall stay proceedings under a judgment or order unless appellant executes a bond with sureties, to be filed with and approved by the clerk of the court where the judgment or order was entered. The condition of such bond shall be that appellant will satisfy and perform the judgment if affirmed . . . .

In Iowa an appellee may invoke judicial power to enforce a decree while its correctness is being appealed, unless a supersedeas bond is filed. *See Criswell v. Criswell,* 235 Iowa 18, 21, 16 N.W.2d 4, 5 (1944); *Spring v. Spring,* 210 Iowa 1124, 1128 29, 229 N.W. 147, 149 (1930), or a stay is entered by this court, *Scheffers,* 241 Iowa at 1223 24, 44 N.W.2d at 679 80. *See* 2 A. Vestal & P. Willson, *Iowa Practice* § 54.02 (1974). The power of a court to impose sanctions for failure to abide by its orders is "essential to the efficient discharge of judicial functions." *Yocum v. Gaffney,* 257 Iowa 207, 210, 131 N.W.2d 826, 828 (1964). If there is jurisdiction of the parties and legal authority to make an order, it must be obeyed, however erroneous or improvident. *In re Marriage of Welsher,* 274 N.W.2d 369, 371 72 (Iowa 1979).

One of the sanctions available to courts in such cases is the power to punish for contempt. Under section 665.2(3), contempts include "[i]llegal resistance to any order or process made or issued by [the court]." Specially applicable in dissolution proceedings is section 598.23 which provides in part:

If any party against whom any temporary order or final decree has been entered shall willfully disobey the same . . . he may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense.

We hold defendant properly ruled that plaintiff's appeal did not deprive district court of jurisdiction to punish for contempt.

II. *Sufficiency of service of notice to show cause.*

Plaintiff was not personally served with the order to show cause why she should not be held in contempt. Pursuant to Judge

Carstensen's order, it was mailed to her dissolution appeal attorney. In her motions for new trial and to vacate judgment filed in district court, and in her Petition for Writ of Certiorari filed here, she contends this lack of personal service deprived district court of jurisdiction to hold her in contempt.

Of key importance is section 665.7:

Before punishing for contempt, unless the offender is already in the presence of the court, he must be served personally with a rule to show cause against the punishment, and a reasonable time given him therefor; or he may be brought before the court forthwith, or on a given day, by warrant, if necessary. In either case he may, at his option, make a written explanation of his conduct under oath, which must be filed and preserved.

It is true of course that this lack of personal service was not advanced in the special appearance filed by plaintiff's counsel. Iowa R.Civ.P. 66 governs special appearances. It provides a defendant "may appear specially for the sole purpose of attacking the jurisdiction of the court . . . . The special appearance shall be in writing, filed with the clerk and shall state the grounds thereof." Whether this ground was waived by counsel's failure to assert this jurisdictional defect in the special appearance, coupled with his subsequent appearance at the hearing, requires a close inspection of the contempt remedy and applicable statutes.

■ Contempt proceedings are commonly treated as criminal in nature even when they generate from civil cases. Although proof of the contemptuous conduct need not be beyond a reasonable doubt, clear and satisfactory proof is required. *Brown v. District Court*, 158 N.W.2d 744, 748 (Iowa 1968); *Huston v. Huston*, 255 Iowa 543, 549, 122 N.W.2d 892, 896 (1963); *see State v. Cullison*, 227 N.W.2d 121, 126 (Iowa 1975).

Exercise of the contempt power is a delicate one requiring care to avoid arbitrary or oppressive conclusions. *Gibb v. Hansen*, 286 N.W.2d 180, 184 (Iowa 1979); *Knox v. Municipal Court*, 185 N.W.2d 705, 707 (Iowa 1971).

■ Only willful disobedience of a court order will justify a conviction for contempt. *Lane v. Oxberger*, 224 N.W.2d 245, 247 (Iowa 1974). In this context a finding of disobedience pursued "willfully" requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not. *Huston*, 255 Iowa at 548, 122 N.W.2d at 896.

■ Contempts may be indirect (constructive) or direct. An indirect contempt is an act not committed in the presence of the court, but at a distance from it, which tends to degrade the court or obstruct, interrupt, prevent, or embarrass the administration of justice. *Knox*, 185 N.W.2d at 707. A direct contempt consists of words spoken or acts committed in the presence of the court which tend to have the same effect. *Id.* Section 665.7, quoted above, recognizes this distinction. If the offender is in the presence of the court, he or she may be punished. If not before the court (indirect contempt), this section provides the procedure to be followed in bringing the contemner into the court's presence, either by personal service of the rule to show cause, or by warrant.[1]

In this case of alleged indirect contempt, plaintiff was neither personally served nor brought before the court by warrant. Because no record of any kind was made at the hearing, we cannot be assured she was even informed of the comtempt proceeding.

---

1. *See Knox*, 185 N.W.2d at 710 ("We interpret the statute to provide that if the contemptuous act occurs in the immediate view and presence of the presiding judge so he may act upon his own knowledge, he may proceed summarily. If the presiding judge does not proceed summarily and the matter is heard before a different judge, there are two alternatives: (1) serve the offender with a rule to show cause and give him a reasonable time therefor, or (2) bring him before the court forthwith or on a given day by warrant, if necessary."

Had she been personally served with the rule to show cause, or had she been present at the hearing, she might have questioned her counsel's stoical pursuit of the invalid jurisdictional theory discussed in division I. After all, it was she, not counsel, who was risking jail imprisonment.

■ In the circumstances presented here, we hold trial court had no power to hold plaintiff in contempt of court. Section 665.7 plainly states that "[b]efore punishing for contempt" the alleged indirect contemner must be personally served with the rule to show cause or brought before the court by warrant. Of course minor irregularities may not be fatal. For example, in *Manderscheid v. District Court*, 69 Iowa 240, 242, 28 N.W. 551, 552 (1886), *aff'd sub nom. Eilenbecker v. District Court*, 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801 (1890), the alleged contemners were served only with an ordinary notice signed by attorneys for the other party in the underlying civil cause. However, they appeared in person and attempted to show cause. *Id.* at 242, 28 N.W. at 552. The district court held they were not prejudiced. *Id.* at 242, 28 N.W. at 552. But there is nothing in this record upon which to find this plaintiff was not prejudiced. *See also Connell v. Connell*, 221 Ga. 379, 380, 144 S.E.2d 722, 723 (1965).

■ Nor are we persuaded this defect was waived by counsel's failure to raise this ground by special appearance or by his later unreported arguments at the "hearing." This proceeding was criminal in nature. The plaintiff's personal liberty was at stake. Although we have stated "[a]n alleged contemner may by *his* conduct be found to have waived procedural rules or requirements," *Knox*, 185 N.W.2d at 711 (emphasis supplied), we have never held *counsel's* conduct alone could waive personal service of the rule to show cause. *See Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, 869 (1963).

■ These circumstances do not require us to measure the court's power in a situation in which the alleged contemner seeks to avoid process. We have recognized that the court's contempt power is inherent. *Knox*, 185 N.W.2d at 709; *Eicher v. Tinley*, 221 Iowa 293, 297, 264 N.W. 591, 594 (1936). Although the procedure ordinarily is regulated by statute, *Harding v. McCullough*, 236 Iowa 556, 558, 19 N.W.2d 613, 616 (1945), we are confident this inherent contempt power cannot be nullified by a contemner's deliberate devices to avoid service. *See Charles Manufacturing Co. v. United Furniture Workers*, 361 So.2d 1033, 1036 (Ala.1978); *Kroneberger v. Superior Court*, 196 Cal.App.2d 206, 210, 16 Cal.Rptr. 339, 342 (1961).

We hold defendant was without jurisdiction to adjudicate plaintiff in contempt of court. Because this issue is determinative, we address plaintiff's remaining issues only to the extent they may be involved in another contempt proceeding in district court based on personal service as required by section 665.7.

III. *Sufficiency of evidence and preservation of testimony.*

■ We have already noted that *no* evidence was introduced at the time set for hearing this contempt proceeding. Arguments of counsel were not reported. Other than district court's summary of those arguments, contained in its ruling, this court has nothing before it to review relating to contemner's conduct. We do not view this as a case of direct contempt in which the offensive conduct occurs in the court's presence and the court may make a statement of the facts upon which the order is founded, as permitted by section 665.9. Rather, this is a case of alleged indirect contempt governed by the following statute:

> 665.8 *Testimony reduced to writing.* Where the action of the court is founded upon evidence given by others such evidence must be in writing, and be filed and preserved.

In the case of an indirect contempt, we have stated the court has no authority to render a judgment for contempt on evidence that was not of record at the time of such entry. *See Jones v. Levis*, 240 Iowa 602, 604, 35 N.W.2d 891, 892, *modified*, 240 Iowa 602, 36 N.W.2d 756 (1949); *Leonetti v.*

*Utterback*, 202 Iowa 923, 924, 211 N.W. 403, 403 (1926); *Drady v. District Court*, 126 Iowa 345, 348–50, 102 N.W. 115, 116–17 (1905); *Skiff v. State*, 2 Iowa 453, 455 (1856); see Heiserman, *Procedures Available for Implementation of a Judgment in Iowa*, 42 Iowa L.Rev. 265, 282 (1957) ("A finding of guilt will be void if these statutes are not rigidly observed."). Our disposition of the division II issue makes it unnecessary for us to determine whether this defect could be waived, and if so, whether in this case it was waived by failure to present it to district court. *See Gibb*, 286 N.W.2d at 185.

Pursuant to our holding in division II, the judgment holding plaintiff in contempt is annulled and the writ is sustained.

WRIT SUSTAINED.