**Robert E. HICKS, Plaintiff,**

v.

**The Hon. District Associate Judge George L. STIGLER, Judge of the First Judicial District of Iowa, Defendant.**

No. 2–66438.

Court of Appeals of Iowa.

March 23, 1982.

K. L. Kober, of Pickett & Kober, Waterloo, for plaintiff.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for defendant.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

SNELL, Judge.

Plaintiff challenges, via certiorari, the trial court order finding him in contempt for uttering allegedly misleading statements during a small claims hearing, contending the evidence was insufficient to support a finding of contempt and the punishment was excessive. We sustain the writ of certiorari.

On February 18, 1981, District Associate Judge George L. Stigler issued a contempt order finding plaintiff, Robert E. Hicks, guilty of contempt of court under chapter 665, The Code 1981. The judge cited as contemptuous conduct plaintiff's false responses to the judge, who was presiding over a small claims action. Plaintiff was not under oath at the time. Plaintiff, on appeal, argues his oral responses were not "conduct" or "behavior" as those terms are used in section 665.2, The Code 1981.

Section 665.2, The Code 1981, provides:

Acts constituting contempt. The following acts or omissions are contempts, and are punishable as such by any of the courts of this state, or by any judicial officer, including judicial magistrates, acting in the discharge of an official duty, as hereinafter provided:

1. Contemptuous or insolent behavior toward such court while engaged in the discharge of a judicial duty which may tend to impair the respect due to its authority.

2. Any willful disturbance calculated to interrupt the due course of its official proceedings.

3. Illegal resistance to any order or process made or issued by it.

4. Disobedience to any subpoena issued by it and duly served, or refusing to be sworn or to answer as a witness.

5. Unlawfully detaining a witness or party to an action or proceeding pending before such court, while going to or remaining at the place where the action or proceeding is thus pending, after being summoned, or knowingly assisting, aiding or abetting any person in evading service of the process of such court.

6. Any other act or omission specially declared a contempt by law.

Our interpretation of section 665.2, The Code 1981, leads us to the conclusion mere false statements, not made under oath, are not contempts. In *Harding v. McCullough*, 236 Iowa 556, 558, 19 N.W.2d 613, 616 (1945), the court indicated its inherent power to punish contempts is "regulated by statute, which limits its operation to acts therein specified." In *Knox v. Municipal Court of City of Des Moines*, 185 N.W.2d 705, 707 (Iowa 1971) the court described its inherent power to punish contempt as being a delicate one, the exercise of which requires care to avoid arbitrary or oppressive conclusions. Given contempt proceedings are quasi-criminal in nature, *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980), and the necessity for a court to carefully exercise its power, the statute proscribing contemptuous conduct should be construed rather strictly. *See State v. Lawr*, 263 N.W.2d 747, 750 (Iowa 1978).

The clear thrust of section 665.2, The Code 1981, is on acts, behavior and conduct tending to disturb or interrupt judicial proceedings. Section 665.2 states "the following *acts* or *omissions* are contempts" and lists as examples "contemptuous or insolent *behavior*," "willful *disturbances*," "*resistance* to court orders," "refusing to be sworn or to answer," "unlawfully *detaining a witness*" and "any other *act* or *omission* declared a contempt by law." In *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980), the court defined direct contempts as "words spoken or acts committed in the presence of the court which tend to ['degrade the court or obstruct, interrupt, prevent or embarass the administration of justice']." While false statements, not made in an insolent manner, are not here condoned, we do not believe they fall within a neces-sarily strict construction of section 665.2, The Code 1981.

In *State v. Estill*, 55 Wash.2d 576, 349 P.2d 210, 210 (1960) (considered en banc), the court, construing a contempt statute similar to section 665.2, The Code 1981, held for perjury or false swearing to constitute contempt of court, the court must have judicial knowledge of the falsity and the false testimony must obstruct the court in the performance of a judicial function. *People v. Koniecki*, 28 Ill.App.2d 483, 171 N.E.2d 666, 668–69 (Ill.App.1961), held, to "punish perjury in the presence of the court as a contempt, there must be added to the essential elements of perjury, under the general law, the further element of obstruction to the court in the performance of its duty." The court also noted the obstruction element was required to ensure against the possibility of a court "exacting from the witness a character of testimony which the court would deem truthful." *Id.* 171 N.E.2d at 669.

■ In the case presently before us, there is no evidence of perjury, as defined in section 720.2, The Code 1981, since plaintiff was not "under oath or affirmation" when the statements were made. *See State v. Deets*, 195 N.W.2d 118, 122 (Iowa 1972). Further, even if the "perjury" element had been satisfied, there was no obstruction of a judicial function. *Cf. Nilva. v. United States*, 227 F.2d 74 (8th Cir. 1955) (where court held false testimony, to the effect no other business records existed, did not itself constitute contempt, but the further element of obstruction of a judicial function was established by the witness in affirmatively suppressing other business records) with *State v. Meese*, 200 Wis. 454, 460, 229 N.W. 31 (1930) (where the court reversed trial court's citation of contempt for perjury, finding the time consumed in ferreting out the truth did not constitute an obstruction of a judicial function). We also find that clear and satisfactory proof of contemptuous conduct has not been shown as required by *Darbyshire*, 297 N.W.2d at 353.

We conclude plaintiff's conduct did not constitute contempt under section 665.2, The Code 1981. The writ of certiorari is sustained; plaintiff's contempt conviction is annulled.

WRIT SUSTAINED.

All Judges concur except DONIELSON, J., who dissents.

DONIELSON, Judge (dissenting).

I dissent.

I would give weight to the trial court's findings and find that there is clear and satisfactory proof of contemptuous conduct. In my view, a lie to the court, whether or not under oath, constitutes direct contempt under *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980). Such an act clearly tends to "degrade the court or obstruct, interrupt, prevent or embarrass the administration of justice" and should not go unpunished simply because it does not legally constitute perjury.

I would affirm the trial court.