**Jeffrey L. BEAUCHAMP, Plaintiff,**

v.

**IOWA DISTRICT COURT In and For CASS COUNTY, Defendant.**

**No. 67759.**

Supreme Court of Iowa.

Jan. 19, 1983.

Ronald D. Bonnett of Wilson, Bonnett & Christensen, Lenox, for plaintiff.

Victoria L. Meade of Marks, Marks, & Marks, Des Moines, for defendant.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

McCORMICK, Justice.

The determinative question in this certiorari review of a contempt order is whether the district court acquired jurisdiction of plaintiff Jeffrey L. Beauchamp when the rule to show cause was served on Jeffrey's attorney but not on Jeffrey. The district court overruled Jeffrey's special appearance attacking the method of service. We find the method of service did not comply with the requirements of Iowa R.Civ.P. 56.1. Therefore we sustain the writ of certiorari.

Jeffrey was awarded custody of his two minor children in a dissolution decree filed May 11, 1981. The mother, Laura, was given visitation rights of one weekend per month, two weeks during the summer, and alternate specified holidays. Laura appealed the decree. While the appeal was pending, Laura instituted a contempt proceeding under Iowa Code section 598.23, alleging Jeffrey made it difficult for her to exercise visitation rights by moving from the state with the children. She averred that Jeffrey "is now alleged to reside in Reno, Nevada, and [Laura] is unable to locate [Jeffrey] directly or have any contact with the minor children." She asked that the court set a

hearing, prescribe "the time and manner of service of notice" upon Jeffrey, and issue a rule to show cause.

The district court set the hearing for May 21, 1981. The court, through Judge Glen M. McGee, ordered that Jeffrey be given notice by the mailing of a copy of the order to Ronald D. Bonnett, Lenox, Iowa, at least ten days prior to the hearing date. Subsequently Ronald D. Bonnett, an attorney in Lenox, filed a special appearance attacking the court's jurisdiction of Jeffrey, alleging that Jeffrey was not personally served. After an unreported hearing, the special appearance was overruled by Judge Keith E. Burgett. The contempt proceeding was tried on the merits before Judge E.F. Hanson and Jeffrey was adjudicated to be in contempt. This certiorari action resulted.

■ A person charged with contempt, unless already in the presence of the court, "must be served personally with a rule to show cause against the punishment, and a reasonable time given him therefor; or he may be brought before the court forthwith, or on a given day, by warrant, if necessary." Iowa Code § 665.7 (1981); see Lutz v. Darbyshire, 297 N.W.2d 349, 353–54 (Iowa 1980). Personal service may be made by any relevant method provided in Iowa R.Civ.P. 56.1(a)–(m). Because none of those methods was used to serve Jeffrey, authority for the method of service utilized depends on the applicability of rule 56.1(n) which provides: "If service cannot be made by any of the methods provided by this rule, any defendant may be served as provided by court order, consistent with due process of law."

No affidavits were offered in resistance to the special appearance and no record of the special appearance hearing was made. Therefore the special appearance record is silent concerning Laura's ability to have Jeffrey served in accordance with any of the alternatives in rule 56.1(a)–(m).

Except for one fact, this case is indistinguishable from Lutz v. Darbyshire. In Lutz this court held that the district court did not have jurisdiction over an alleged contemnor when notice was mailed to the person's appellate attorney pursuant to court order. See 297 N.W.2d at 354. The one fact that is different in this case is the allegation of the contempt application that Jeffrey was reportedly in Reno, Nevada, but that Laura was unable to locate him "directly" or have any contact with the children.

■ In Lutz the court reserved the question of the court's power to acquire jurisdiction when an alleged contemnor seeks to avoid process, while expressing confidence that "this inherent contempt power cannot be nullified by a contemnor's deliberate devices to avoid service." Id. Laura contends the court's order in the present contempt case was authorized pursuant to rule 56.1(n) because Jeffrey was evading service. The problem with this contention is that its predicate was not established. The burden was on Laura to show service could not be made on Jeffrey in the manner provided in rule 56.1(a)–(m). See In re Marriage of Meyer, 285 N.W.2d 10, 11 (Iowa 1979). The allegation in the application that she was unable to locate Jeffrey "directly" is insufficient for this purpose. It was incumbent on her to explain, for example, why a process server could not locate Jeffrey in Reno for the purpose of serving him pursuant to rule 56.1(a). Perhaps the best way to establish the predicate for using rule 56.1(n) is first to attempt service under the relevant alternative in rule 56.1(a)–(m). We do not suggest the requisite showing cannot be made adequately through other proof. In the present case, the record does not contain any proof that service pursuant to rule 56.1(n) was justified.

We hold that the district court erred in overruling Jeffrey's special appearance. We have no occasion to determine whether the method of service ordered by the court was consistent with due process. Nor do we address the merits of the contempt adjudication.

WRIT SUSTAINED.