Janet Marie BELL, Plaintiff,

v.

**IOWA DISTRICT COURT FOR LINN COUNTY, Defendant.**

No. 91–1547.

Court of Appeals of Iowa.

Oct. 27, 1992.

**730**

Karen Volz of Ackley, Kopecky & Kingery, Cedar Rapids, for plaintiff.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Denver D. Dillard, County Atty., and Jeffrey Clark, Asst. County Atty., for defendant.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

On September 26, 1991, Janet Bell was arrested for committing an assault causing bodily injury on Donald Schmidt, her paramour with whom she resided, in violation of Iowa Code sections 708.1 and 708.2A (1991). Bell made her initial appearance before the court on September 27, 1991. At that time, the district court appointed counsel to represent Bell and set conditions for her release. One of the conditions for her release was she was to have no contact with Schmidt.

On September 30, 1991, Schmidt executed an affidavit stating he no longer feared Bell and he wished to have the no-contact order lifted. The affidavit was not filed.

On October 6, 1991, Bell was arrested at Schmidt's home. On October 7, 1991, the State filed an application to show cause asking the court to determine whether Bell's action was in violation of the no-contact order. On October 7, 1991, the district court filed an order finding that there was probable cause to believe that Bell had violated the no-contact order. The district court ordered Bell to appear on October 10, 1991, and show cause why she should not be held in contempt.

Bell asked for a continuance of her contempt hearing, which was denied. Following a hearing on October 10, 1991, the court found that Bell violated the no-contact order. The court sentenced Bell to the minimum sentence of seven days in jail.

Bell filed a petition for writ of certiorari. On October 11, 1991, Justice Carter issued an order which temporarily stayed Bell's jail sentence. On November 27, 1991, Justice Carter granted the petition.

Scope of Review

 On petition for writ of certiorari the standard of review is for errors at law. *Johnson v. Iowa Dist. Court*, 385 N.W.2d 562, 564 (Iowa 1986). A contempt adjudication cannot stand unless there is substantial support for the findings of the district court. *Rausch v. Rausch*, 314 N.W.2d 172, 174 (Iowa App.1981).

I. *Contempt Citation.*

Bell contends the district court erred in finding she was in contempt of court. She argues Schmidt wanted her to move back and filed an affidavit with the County Attorney's office indicating he wanted the no-contact order lifted. The affidavit was never filed. Bell's counsel claims she was not aware she was required to file the affidavit.

 Only willful disobedience of a court order will justify a conviction for contempt. *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980). Willful disobedience requires evidence of conduct which is "intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether had the right or not. *Id.* Proof of contempt must be established beyond a reasonable doubt. *Phillips v. Iowa Dist. Court*, 380 N.W.2d 706, 709 (Iowa 1986). The victim's permission and participation is not a defense to a violation of a no-contact order, but it may be considered in determining whether a defendant acted willfully. *State v. Lipcamon*, 483 N.W.2d 605, 607 (Iowa 1992).

 We find insufficient evidence to find Bell acted willfully. The victim, Schmidt, testified he wanted Bell to continue living with him. He filed an affidavit with the County Attorney's Office requesting the no-contact order be lifted. He testified he told Bell's mother he had filed the affidavit. Bell's attorney, Karen Volz testified Bell told her Schmidt had filed the affidavit with the County attorney's Office requesting the no-contact order be lifted. Volz testified she was not aware of recent changes requiring the defense counsel to

request the no-contact order be lifted. Bell testified she did not intentionally violate the court's order. In addition, the district court judge did not make a finding that Bell's conduct was willful disobedience.

Based on this evidence, we hold there was insufficient evidence to support a finding Bell willfully disobeyed the court's order.

## II. *Denial of Continuance.*

The standard of review from denial of a motion for continuance is abuse of discretion. *State v. Simmons,* 454 N.W.2d 866, 868 (Iowa 1990). The abuse of discretion standard also applies to motions to continue based on counsel's purported lack of preparation time when defendant fails to promptly notify counsel. *State v. McGinnis,* 243 N.W.2d 583, 586 (Iowa 1976). A party requesting a continuance must show substantial justice will more nearly be obtained by granting the continuance. *State v. Miller,* 480 N.W.2d 894, 895 (Iowa 1992).

Bell complains her attorney was not provided notice of the show cause hearing. However, notice was properly served on Bell, who failed to timely notify her attorney. There is no requirement Bell's attorney be notified; on the contrary, giving notice to the attorney but not to the defendant is improper notice. *See Beauchamp v. Iowa Dist. Court,* 328 N.W.2d 527, 528 (Iowa 1983). We find service on Bell to be proper notice of the pending proceedings.

Bell also complains she was not given the full three days required by Iowa Code section 236.11, which specifically requires the contempt hearing to be scheduled no less than three and no more than ten days from the initial appearance. Her initial appearance was October 7 at 2:00 p.m., and the contempt hearing was held at 8:30 a.m. on October 10.

We find this complaint without merit. When counting days, the first day is excluded and the last day is included. Iowa Code § 4.1(22) (1991). The term "day" should be construed to mean an entire day as an indivisible unit. *Thrasher v.*

*Haynes,* 221 Iowa 1137, 264 N.W. 915, 916 (1936).

The trial court complied with Iowa Code section 236.11 (1991). Bell's initial appearance was October 7, 1991. The first day counted is October 8, the second day is October 9, and the third day is October 10, the day the contempt hearing was held. Thus, the hearing was held not less than three days after Bell's initial appearance, as required by statute.

## III. *Denial of Due Process.*

Bell next contends Iowa Code section 236.14 (1991) denies her due process because it provides "violation of this no-contact order is punishable by summary contempt proceedings." She argues this may permit a violator to be punished without granting any opportunity for a hearing.

We do not reach the question of the constitutionality of the complained of portion of the statute. Bell was given notice and an opportunity to be heard, and, accordingly, her argument lacks merit.

## IV. *Conclusion.*

Although we deny Bell's notice and constitutional challenges, we do not find sufficient evidence that she willfully violated the no-contact order. Accordingly, we grant Bell's petition for a writ of certiorari.

WRIT GRANTED.