**IN THE COURT OF APPEALS OF IOWA**

No. 15-1742
Filed March 23, 2016

JACQUELYN MICHELLE TURNER,
    Plaintiff-Appellee,

vs.

ADAM L. BELMAN,
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

An appellant appeals from a final domestic abuse protective order issued pursuant to Iowa Code chapter 236 (2015). **ORDER VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

Maria K. Pauly of Maria K. Pauly Law Office, P.C., Davenport, for appellant.

James T. Ottesen of Scott County Domestic Abuse Special Prosecution Program, Davenport, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Adam Belman appeals from a final domestic abuse protective order issued pursuant to Iowa Code chapter 236 (2015). Belman contends the Petitioner, Jacquelyn Turner, failed to prove a domestic abuse assault occurred, a prerequisite to obtaining relief. *See* Iowa Code § 236.4(1); *Reed v. Reed*, No. 13-0170, 2014 WL 69809, at *2 (Iowa Ct. App. Jan. 9, 2014). Belman also contends the district court abused its discretion in denying Belman's motion to continue the final hearing. Because we agree with the latter argument and conclude the final domestic abuse protective order must be vacated and this matter remanded for a full hearing, we do not address the former argument.

By way of background, on September 10, 2015, Turner obtained a temporary protective order. The temporary protective order set a final hearing for September 16. Belman was served with the temporary protective order on September 14. He appeared at the final hearing with his counsel. At the final hearing, the district court informed the parties that the hearing was scheduled for fifteen minutes, that each party would have seven and one-half minutes to present evidence, and that cross-examination of witnesses would count against the allotted seven and one-half minutes. Upon being informed of these limitations, Belman's counsel requested a continuance to a time when a full hearing could be had. The district court denied the motion, and the hearing proceeded. Turner offered into evidence a fifty-page exhibit, which contained text messages and emails between the parties. Belman's counsel interposed an objection, stating, "Your Honor, in seven and a half minutes, I'm not going to be able to review fifty pages of documents . . . ." The district court responded by

requesting Belman's counsel mark the exhibit, which was admitted into evidence. Following the brief hearing, the district court issued the final domestic abuse protective order.

The standard of review for denial of a motion for continuance is an abuse of discretion. *Bell v. Iowa Dist. Ct.*, 494 N.W.2d 729, 731 (Iowa Ct. App.1992). A court abuses its discretion when its decision is made on grounds or for reasons that are clearly untenable or to an extent clearly unreasonable. *State v. Bayles*, 551 N.W.2d 600, 604 (Iowa 1996). We conclude the district court here, by denying Belman's motion to continue the hearing to allow a full hearing, abused its discretion in arbitrarily limiting to seven and one-half minutes Belman's time to cross-examine witnesses, present evidence, and present argument. The leading case is *Rasmussen v. Rasmussen*, No. 03-1206, 2004 WL 1073706, at *1 (Iowa Ct. App. May 14, 2004). We quote it at length here:

> Generally, the course and conduct of a trial are not regulated by statute or rule, but are instead within the discretion of the trial judge. *In re Marriage of Ihle*, 577 N.W.2d 64, 67 (Iowa Ct. App.1998). No explicit rule creates such authority; rather, it is recognized as an inherent power of a judge. *Id.* Trial judges are authorized to impose reasonable time limits on a trial. *Id.* (citing *United States v. Hildebrand*, 928 F.Supp. 841, 844-845 (N.D. Iowa 1996)). Yet, in the midst of such judicial autonomy, a trial court should impose time limits only when necessary. *In re Marriage of Ihle*, 577 N.W.2d at 68 (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995)).

> Due process principles constrain the discretion of trial judges to manage trials. *In re Marriage of Ihle*, 577 N.W.2d at 67. Litigants are required to be given a fair opportunity to resolve their disputes. *Id.* The degree of constraint a trial court may exercise is dependent upon principles of due process which include the consideration of the public and private interests involved, the administrative burden implicated, the risk of erroneous decision due

to the nature of the hearing involved and the value of any additional safeguards. *Id.* (citing *In re Marriage of Seyler*, 559 N.W.2d 7, 9 (Iowa 1997)); *see United States v. Raddatz*, 447 U.S. 667, 677 (1980).

The public and private interest in protecting people from domestic abuse is substantial. *See Bartsch v. Bartsch*, 636 N.W.2d 3, 9 (Iowa 2001) (noting the state's interest in protecting against domestic abuse is equal to, if not greater than, its interest in actions determining child custody or terminating parental rights). We conclude there is a public and private interest to be served in a proper resolution of this dispute.

The administrative burden to the trial court depends on the nature of the proceedings. *In re Marriage of Ihle*, 577 N.W.2d at 67. The increased burdens on our courts vary from district to district and even from judge to judge. *Id.* The problem of administrative burden "cannot be painted with a brush so broad as to support the imposition of time limits as a matter of course." *Id.* The administrative history involved in a particular case is a significant consideration. *Id.* Both parties to this matter agreed the hearing needed to be continued to a date that allowed a greater amount of time to resolve the issue. The administrative burden to the trial court to reschedule the hearing for a non-court service day was minimal.

The risk of erroneous decision making based on stringent time limitations is also a significant consideration. Arbitrary and inflexible time limits are a serious threat to due process principles. *Id.* at 68. "Thus, judges must not sacrifice their primary goal of justice by rigidly adhering to time limits in the name of efficiency." *Id.* (citing *General Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1509 (9th Cir. 1995)). In this case, upon the written motion of the plaintiff, the judge continued the May 16, 2003 hearing to July 27, 2003. The court was aware that both parties believed they needed more time. With its decision to continue the matter to another court service day, the court did not place the parties in a better position. Instead, the court merely delayed the hearing. A time limit of one-half hour was originally imposed, and the parties were limited to one additional witness each. The quality of decision making suffers when important evidence has been excluded from

consideration as the result of time limits. *In re Marriage of Ihle*, 577 N.W.2d at 68.

The value of additional safeguards in hearings constrained by time limits is a final consideration. Essential and relevant evidence is considered by balancing the probative value against the possibility of prejudice. Iowa R. Evid. 5.403. "The reason for this balancing process helps explain the disfavor courts often express towards the imposition of rigid time limits." *In re Marriage of Ihle*, 577 N.W.2d at 68 (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995)). Time limits must be applied with sufficient flexibility to ensure a fair trial. *In re Marriage of Ihle*, 577 N.W.2d at 68. The order setting the hearing for one-half hour provided insufficient time for both parties to adequately present their respective cases. This time restriction allowed Cristie only fifteen minutes to present her evidence in a contested domestic abuse case. This amounted to seven and one-half minutes per witness. Our conclusion is not changed by the fact the actual hearing lasted approximately one hour. The attorneys were still working within and burdened by the original time restriction.

In summary, arbitrary and inflexible time limits are disfavored. *Id.* (citing *General Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995)). Accordingly, the application of such standards will support a finding of abuse of discretion, and will require a new trial. *In re Marriage of Ihle*, 577 N.W.2d at 68 (citing *McKnight v. General Motors Corp.*, 908 F.2d 104, 115 (7th Cir. 1990)). We conclude that continuing this case to another crowed court service day, originally limiting this contested domestic abuse hearing to one-half hour, and limiting the number of additional witnesses to one per party was an abuse of discretion on the part of the district court. We therefore reverse the decision of the district court and remand for a full hearing on this matter.

*Rasmussen*, 2004 WL 1073706, at *1-3.

For the same reasons set forth in *Rasmussen*, we vacate the final domestic abuse protective order and subsequent modification orders and remand

this matter for a full hearing. The temporary protective order shall remain in effect according to the terms and conditions set forth therein.

**ORDER VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**