**Mavis June HEISHMAN, Plaintiff,**

v.

**The Honorable James D. JENKINS, Judge of the Iowa District Court in and for Poweshiek County, Defendant.**

No. 84–832.

Supreme Court of Iowa.

July 31, 1985.

---

Keith D. Collins of Norgaard & Collins, Belle Plaine, for plaintiff.

Michael R. Stewart of Bierman, Bierman & Stewart, P.C., Grinnell, for defendant.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Plaintiff, Mavis June Heishman, initiated this original certiorari action to challenge the legality of an order by the defendant judge finding her in contempt. The writ was ordered annulled by the court of appeals and we granted further review.

The starting place for an understanding of the present controversy is the dissolution of marriage action between plaintiff (Mavis) and her then husband, Maynard Keith Heishman. Mavis commenced the dissolution action on July 10, 1980. Two successive sets of counsel representing Mavis withdrew their representation. On July 6, 1982, Maynard appeared before the court at a hearing in which Mavis did not appear either personally or by counsel and obtained a default decree of dissolution. In addition to dissolving the marriage of the parties, that decree awarded Maynard both title and possession to the parties'

eighty-acre farm and the residence located thereon. In addition, Maynard was awarded all furniture, appliances, tools and gardening equipment located on the property. The decree further provided that Maynard was to pay Mavis $10,000 within two months of the date thereof. No appeal was taken from this decree and Mavis has made no effort to have it set aside.

Following entry of the decree, Mavis continued to live in the residence which had been awarded to Maynard and refused to accept the $10,000 check tendered by Maynard. The evidence at the contempt hearing is somewhat inconclusive as to when or how she became aware that a decree of dissolution had been entered in the dissolution action or the terms of that decree. Maynard apparently made no effort to seek possession of the property until November of 1983. At that time, he initiated an action of forcible entry and detainer. Mavis successfully defended against that action on the ground that she had enjoyed more than thirty days peaceable possession of the premises subsequent to the time that Maynard's right of possession had accrued.

Maynard then commenced an action to recover real estate under Iowa Code chapter 646. In her answer to this ejectment proceeding, Mavis presented affirmative defenses of estoppel and acquiescence. A motion for summary judgment filed by Maynard was sustained by the district court on April 20, 1984. As a result of that ruling, a decree of ouster was entered directing the clerk to issue a writ of possession to the sheriff for immediate execution ousting Mavis from the property. Although a copy of that writ was served on Mavis on April 23, 1984, it does not appear that the sheriff undertook any affirmative steps to execute the process issued to him. In any event, Mavis filed a notice of appeal from the decree of ouster on April 30, 1984. She inquired on that day from the clerk of the district court as to the procedure for obtaining a stay under supersedeas bond. Mavis's counsel also made inquiry with respect to that subject and was advised by the clerk that a cash bond of at least $300 would be required. When Mavis posted a cash bond in that sum, the clerk purported to approve such deposit as a supersedeas bond, although no formal stay order was entered. Mavis did thereafter pursue her appeal, and the district court judgment has subsequently been affirmed by the Iowa Court of Appeals. *See Heishman v. Heishman*, 367 N.W.2d 308 (Iowa Ct.App.1985).

At Maynard's request, the defendant judge, on May 11, 1984, issued an order requiring Mavis to appear on May 18, 1984 and show cause why she should not be punished for contempt for failure to obey the decree of ouster. Mavis's May 18, 1984 appearance date before the court was subsequently changed to May 25, 1984. At the commencement of the contempt hearing on the latter date, Maynard asked to amend his application for contempt citation so as to ask that the court also find Mavis in contempt for willfully violating the terms and provisions of the decree of dissolution which had been entered on July 6, 1982.

Counsel for Mavis resisted any effort to enlarge the issues to be heard at the May 25th contempt hearing. The defendant judge treated the issue as one of "amendment as of right" when no responsive pleading has been filed. Defendant also denied Mavis's request for additional time to respond to the enlarged allegations of contempt. He stated his belief that requiring Mavis to show cause with respect to the alleged willful failure to comply with the dissolution decree did not "present anything new or different than what you were prepared to defend when you came here in the first place."

After hearing the evidence, the defendant judge, without differentiating between the separate claims of contempt, found "that defendant's continued occupancy of the real estate is in willful disobedience of the previous orders of this court." The judge further found that Mavis was acting under erroneous legal advice with respect to the legal effect of her effort to post a supersedeas bond. He concluded that, although this was not a defense to the contempt charge, it justified withholding pun-

ishment upon condition that Mavis remove herself from the premises within fifteen days. Prior to the expiration of this fifteen day period, the present certiorari action was commenced and a stay of the contempt proceedings was issued by this court.

Our review requires a separate determination of whether Mavis may properly be held in contempt for violating the provisions of the original dissolution decree, the subsequent order of ejectment, or both. The court of appeals concluded that the evidence supported a finding that Mavis was in contempt under the original decree of dissolution and that her claim that she should have been granted additional time to defend against that charge was without merit. The court of appeals concluded with respect to Mavis's failure to abide the order of ejectment that,

> the record reflects that petitioner made a good faith effort to comply with the [supersedeas bond provisions of] the Rules of Appellate Procedure. It is likely that Mavis relied on erroneous advice of counsel and believed that the stay order had been issued. However, it is apparent that the trial court took this factor into consideration in giving the petitioner fifteen days to purge herself of contempt by leaving the property. Because of this, we cannot say that Mavis' good faith effort to comply requires reversal. Mavis remained on the property after the fifteen day period allowed by the trial court and should appropriately be found in contempt of court.

Our review of the evidence convinces us that the writ of certiorari should be sustained with respect to the defendant's finding that the order of ejectment had been willfully disobeyed. We also conclude that Mavis was entitled to more time to prepare her defense to the claim of willful violation of the dissolution decree.

**I. Alleged Willful Violation of Decree of Ouster.**

The decree of ouster provided:

[P]laintiff [Maynard] is entitled to the immediate possession of the [subject] real estate....

... the clerk ... shall issue a writ of possession as authorized by section 646.-24....

Because the issue is not argued, we do not determine whether, in view of the language contained in Iowa Code section 626.1 indicating judgments for possession of property are enforceable by execution, a failure to surrender property pursuant to decree of ouster may also be punished for contempt.[1] Assuming that it may, the failure must be shown to be willful. For purposes of a finding of contempt, we have said that " 'willfully' requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty." *Lutz v. Darbyshire,* 297 N.W.2d 349, 353 (Iowa 1980).

■ Both the defendant judge and the court of appeals found that the circumstances indicated Mavis believed in good faith that her posting of $300 with the clerk of the district court effectively stayed the court order requiring her removal from the premises. The defendant judge correctly found that the procedure followed with respect to a supersedeas bond did not satisfy the requirements of rules 7 and 8 of the Iowa Rules of Appellate Procedure. A deposit of cash is not a supersedeas bond. A supersedeas bond is a written promise to perform certain conditions, which may or may not be secured by a deposit of cash. *Id.* No such promise was entered into by Mavis. Moreover, although a supersedeas bond may be conditioned upon the posting of a certain sum of cash, the terms of such bond must be approved by the court rather

---

1. Iowa Code section 626.1 (1983) provides as follows:

> 626.1 Enforcement of judgments and orders. Judgments or orders requiring the payment of money, or the delivery of the possession of property, are to be enforced by execu-

tion. Obedience to those requiring the performance of any other act is to be coerced by attachment as for a contempt.

See also discussion in *In re Marriage of Lenger,* 336 N.W.2d 191, 192 (Iowa 1983).

than its clerk where the judgment does not involve the payment of money.

■ In *Skinner v. Ruigh*, 351 N.W.2d 182, 185 (Iowa 1984), we reserved for later determination the issue of whether contempt must be proved beyond a reasonable doubt. It is also not necessary to decide this question in the present case. We have consistently held that, where violation of a court order is the basis of a contempt charge, the alleged violation must be established to be willful by no lesser standard of proof than clear, satisfactory and convincing evidence. *In re Marriage of Lenger*, 336 N.W.2d 191, 192 (Iowa 1983); *Crary v. Curtis*, 199 N.W.2d 319, 321–22 (Iowa 1972). Application of this standard of proof to the facts of the present case does not support a finding of contempt with respect to the decree of ouster.

■ Notwithstanding the legal infirmities in Mavis's efforts to stay the proceedings, we believe that her good faith belief that she had successfully stayed enforcement of the order, recognized by both the district court and the court of appeals, does offer a valid defense to the claim that her violation of the decree of ouster was willful. We cannot agree with the conclusion of the court of appeals that failure to abide the conditions imposed in an erroneous finding of contempt may serve to bootstrap the validity of such findings on appellate review.

II. *Alleged Willful Violation of the Decree of Dissolution.*

■ In our consideration of this issue, we reject at the outset Mavis's claim that the record is insufficient, as a matter of law, to support a finding of contempt with respect to her failure to abide the provisions of the July 6, 1982 dissolution decree. That decree specifically dealt with rights of possession and not, as Mavis claims, merely with title. Although no direct order was contained in the decree requiring Mavis to vacate the premises within a given period

of time, her knowledge of its terms, if sufficiently established, would, in view of the substantial attendant delay, support a finding of willful violation if the court chose to draw that inference.

There are, however, many procedural obstacles which confront the effort of defendant to sustain the contempt order based on the original dissolution decree. Mavis had been ordered to appear and show cause in Law No. 24575, the ejectment action, as a result of Maynard's affidavit that she had willfully violated the court's orders in that action. When she appeared for this purpose, an effort was then made by Maynard, without any additional affidavits and without asking the court to issue another order to show cause, to have Mavis punished for violation of the court's decree in No. DMI 796, an entirely different action.

■ The foregoing procedural irregularities strike us as being sufficient cause for granting Mavis's request that she not be required to defend against the newly injected claims with only five minutes to prepare.[2] As we indicated in *Lutz*, 297 N.W.2d at 353, in order to punish for contempt a court must strictly comply with the applicable statutory directives. These statutes do not contemplate the filing of pleadings which may be amended as of right prior to answer. *See* Iowa Code § 665.7 (1983). We also disagree with the conclusions of the defendant judge and the court of appeals that no new issues were being injected into the contempt proceedings.

■ From Mavis's standpoint, instead of being required to justify only a few days noncompliance with a court order, she was now required to justify noncompliance of more than twenty-two months with a different court order. Considerable support for our view as to the prejudice thus generated may be found in Mavis's inability at the hearing to recall important facts and chronology surrounding the entry of the dissolution decree in her absence and with-

---

**2.** The defendant judge granted Mavis a recess of five minutes in order to consider the amended claims.

out her knowledge, and the time and manner in which she was subsequently advised concerning how that decree affected her right of possession.

We find on the record presented that the defendant judge should have granted Mavis's request for additional time to prepare both legal and factual defenses to Maynard's newly injected contention. Such failure requires that the finding of contempt be set aside without prejudice to further proceedings in the district court not inconsistent with this opinion.

The decision of the court of appeals is vacated. The writ of certiorari is sustained. The finding and order of contempt issued by the defendant judge is annulled.

DECISION OF COURT OF APPEALS VACATED; WRIT SUSTAINED.