# IN THE COURT OF APPEALS OF IOWA

No. 15-1457
Filed October 12, 2016

**BRIAN W. THUL,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR KOSSUTH COUNTY,**
        Defendant-Appellee.
_____

        Certiorari to the Iowa District Court for Kossuth County, Duane E.

Hoffmeyer, Judge.


        Plaintiff petitions for writ of certiorari, seeking review of contempt finding

against him related to post-dissolution obligations.  **WRIT ANNULLED.**



        Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

        Jacqueline R. Conway of Heiny, McManigal, Duffy, Stambaugh &

Anderson, P.L.C., Mason City, for appellee.


        Considered by Vaitheswaran, P.J., McDonald, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Brian and Susan Thul were divorced in May 2015. Susan was awarded alimony in the amount of $2000 per month beginning June 1, 2015; an IRA valued at approximately $113,249; and a property settlement of $762,500 to be paid by an initial payment of $250,000 followed by ten equal annual payments representing the unpaid balance.

In mid-June, Brian appealed the divorce decree, sought a stay of his financial obligations, and requested that the court determine whether a supersedeas bond was appropriate, and if so, set the amount of that bond. On June 30, the district court denied the request for a stay and set the amount of the bond at $490,100. Brian made efforts to obtain the funds to post bond. As early as June 3, Brian had reached a preliminary agreement with a bank to post a cash bond, but he contends his dealings with that bank were complicated by Susan's July 1 filing of a lien on Brian's farm property, pursuant to the divorce decree, to secure her interest in the property distribution.

Susan filed an application to show cause on June 17, citing provisions of the decree related to personal property, motor vehicles, retirement benefits, property settlement, and alimony. The matter came on for hearing on August 28. The evidence established that Brian had paid only $1000 of $2000 in alimony owed for June, had made no other alimony payments, and had not made arrangements for transfer of the personal property or the IRA. Brian's only defense was that he did not willfully or intentionally violate the decree as he had sought a stay and to post a supersedeas bond. At the conclusion of the hearing,

the court dictated into the record its findings holding Brian in contempt. The court found as follows:

> I am going to conclude by evidence beyond a reasonable doubt that Mr. Thul has violated a court order, namely, the decree of dissolution entered in this matter on May 19 of this year. Specifically, he has violated that order by failing to make alimony payments that have been due and owing and failing to satisfy those provisions dealing with the retirement and property settlement.

The court found Susan failed to prove Brian violated the decree as to turning over household goods and a motor vehicle. The court did not make a finding as to Brian's assertion that his conduct should not be considered a willful violation of the decree due to his good faith efforts to post a supersedeas bond.

Based upon the finding of contempt, the court dictated into the record the following order[1]:

> [Brian] shall serve 10 days in the Kossuth County Jail. [Brian] may purge himself by (a) paying all alimony currently due and owing ($5000) on or before Monday, August 31, 2015; and (b) by paying the retirement and property settlement financial obligations and complying with the stipulation obligations to secure the remaining financial obligations on or before September 14, 2015, IF [sic] a supersedeas bond has not been posted.

Brian filed a petition for writ of certiorari on August 31, which our supreme court granted on September 4. Further proceedings in this matter were stayed. Our review of a certiorari action is for correction of legal error. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). We examine the jurisdiction of the district court and the legality of its actions. *Id.* "When the court's findings of fact are not supported by substantial evidence, or when the court has not applied the law properly, an illegality exists." *Id.*

---

[1] The trial court filed its written ruling on contempt on August 30, 2015. The ruling only referenced the dictated findings and then set forth the sentence and purge options.

The relevant case law has been aptly summarized:

Under Iowa Rule of Appellate Procedure [6.601], proceedings are not stayed during an appeal unless an appellant executes a supersedeas bond. A court may enforce a decree through contempt proceedings unless a supersedeas bond is filed or a stay is entered. *Lutz* [*v. Darbyshire*, 297 N.W.2d 349, 352 (Iowa 1980), *overruled on other grounds by Phillips v. Iowa Dist. Ct.*, 380 N.W.2d 706, 708–09 (Iowa 1986)]. If a party's attempt to post a bond is unsuccessful, or a period of time elapses before a bond is filed, a party may be found in contempt for failing to obey the court's orders. *See McGee* [*v. Damstra*, 431 N.W.2d 375, 380 (Iowa 1988)]; *Heishman* [*v. Jenkins*, 372 N.W.2d 506, 510 (Iowa 1985)]. However, a party's good faith or earnest efforts to obtain a stay should be considered in determining whether the party willfully violated a court order or decree. *McGee*, 431 N.W.2d at 380; *Heishman*, 372 N.W.2d at 510.

*Shanks v. Iowa Dist. Ct.*, No. 06-1328, 2007 WL 1484165, at *2 (Iowa Ct. App. May 23, 2007). Here, Brian emphasizes his efforts to obtain a stay and bond between June 3 and August 28, 2015. Susan agrees "efforts to obtain a stay should be considered," *id.*, but argues Brian's efforts cannot overcome his willful violations of the decree.

We agree with Susan. Brian attempted to obtain a stay, but his motion for stay was denied by the trial court on June 30. This is in contrast to, and distinguishable from, the ambiguity on this fact present in the cases he cites. *Cf. McGee*, 431 N.W.2d at 380; *Heishman*, 372 N.W.2d at 509–10; *Shanks*, 2007 WL 1484165, at *3. Brian was obligated to pay $2000 in alimony on June 1. He only paid $1000 and did not seek a stay or the supersedeas bond until June 3, after the alimony was due. This alone justified the court finding him in contempt. He also made no subsequent efforts to pay alimony, nor did he make any progress on his obligations related to the IRA or property settlement. A period of

several months passed between the entry of the decree and the eventual posting of bond.  We find no error in the district court's order holding Brian in contempt.

**WRIT ANNULLED.**