**STATE of Iowa, Appellee,**

v.

**Delbert Lee McGUIRE, Appellant.**

**No. 96–895.**

Supreme Court of Iowa.

Dec. 24, 1997.

Robert A. Wright, Sr. of Wright & Wright, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, John P. Sarcone, County Attorney, and Odell G. McGhee II, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

LARSON, Justice.

The defendant, Delbert McGuire, was convicted of four counts of forgery in violation of Iowa Code sections 715A.1 and 715A.2 (1995). He appealed on the grounds that the evidence was insufficient to support the conviction and that the court erred in admitting hearsay testimony. The court of appeals found no error on the hearsay issue but reversed on the ground that there was insufficient evidence of McGuire's knowledge that the checks involved were forged. We vacate the decision of the court of appeals and affirm the judgment of the district court.

## I. Facts.

McGuire had opened a savings account with the Iowa State Bank on April 17, 1995. He opened the account with check number 1387, which was drawn on the Ankeny Car Wash account at Boatmen's Bank of Urbandale. The check was written to McGuire for $244.83, and a note on the memo line indicated that it was for labor. Also on April 17, McGuire cashed check number 1384, which was drawn on the same Ankeny Car Wash account. This check was for $153.30 and noted that it was for labor.

On April 18 McGuire deposited check number 1386, also drawn on the Ankeny Car Wash account. This check noted that it was for lawn care and was in the amount of $210.15. On April 19 McGuire presented check number 1388 for $253.20, also drawn on the Ankeny Car Wash account and purporting to be payment for equipment and repair. On April 21 he cashed check number 1391 for $257.10, drawn on the Ankeny Car Wash account and purportedly given to him for equipment, labor, and repair. A total of seven checks bore the name of the Ankeny Car Wash; all were signed by a "Mary Kay Frasier" (or "Frazier" on some of the checks), and all were payable to McGuire.

On April 21 Iowa State Bank discovered that Boatmen's Bank had returned the Ankeny Car Wash checks unpaid. As a result, the bank placed a "teller hold" on McGuire's account, which essentially closed the account. When McGuire came to the bank to make a cash withdrawal the next day, the teller informed a senior vice-president, Jack Slump, that McGuire was in the building. The teller detained McGuire until the police arrived. When they did arrive, Slump explained to McGuire that the checks had been returned and marked "unable to locate account," and that Iowa State Bank had contacted Boatmen's Bank, which stated that the Ankeny Car Wash account had been closed "quite some time ago." McGuire claimed that there

must be some mistake because he had received the checks as payment for his work at the Ankeny Car Wash located in Altoona. He stated that a woman at the car wash had hired him to do odd jobs and lawn work and that he had been paid with the checks in question. The police confirmed that there was no Ankeny Car Wash in Altoona. They arrested McGuire.

An officer transported McGuire to the police station. As McGuire left the squad car, he dropped a wadded piece of paper on the ground. The officer retrieved it and found it to be another check to McGuire on the Ankeny Car Wash account. This check, number 1383, was written for $75 for equipment and repair. When the police searched McGuire, they found check number 1392, written on the Ankeny Car Wash account and payable to McGuire for $185.50 for labor and repair. McGuire was charged with four counts of forgery, each based on a separate check.

## II. *Sufficiency of the Evidence.*

The Code sections under which McGuire was charged provide that forgery may be committed by uttering a check that the defendant knew to be forged. Iowa Code § 715A.2(1)(c). The jury was instructed that it must find that the State had proved that

2. The defendant knew the check had been made so it appeared to be the act of one who did not authorize it [and]

3. The defendant specifically intended to defraud or injure the Iowa State Bank.

The jury found that these requirements had been satisfied, but McGuire contends that there was no substantial evidence to support that finding. The court of appeals agreed.

■ As the State points out, direct and circumstantial evidence are equally probative. Iowa R.App. P. 14(f)(16); *see also State v. Liggins,* 524 N.W.2d 181, 186 (Iowa 1994). We believe substantial circumstantial evidence supports the jury's findings. McGuire's explanation as to the circumstances surrounding his receipt of the checks was doubtful. He stated that they were payroll checks for his work at the Ankeny Car Wash in Altoona. No such car wash

existed. In addition, the checks were variously signed by Mary K. Frasier and Mary K. Frazier. McGuire attempted to destroy one of the checks in his possession. In addition, the checks were not written in chronological order according to their numbers. If, as he stated, the checks represented payment for labor over a period of only six days, he would have to have received a payroll check every day, a highly unlikely possibility.

We have said that

[a] false story told by a defendant to explain or deny a material fact against him is by itself an indication of guilt. The false story is relevant to show that a defendant fabricated evidence to aid his defense.

*State v. Odem,* 322 N.W.2d 43, 47 (Iowa 1982) (citations omitted).

Substantial circumstantial evidence supported the jury's finding on the necessary elements of forgery, and we affirm on this issue.

## III. *The Hearsay Issue.*

The district court admitted testimony by a security officer for Boatmen's Bank regarding the status of the Ankeny Car Wash account with the bank. The security officer testified that the Ankeny Car Wash account had been closed on October 31, 1994, which was over six months prior to the dates shown on the checks. The evidence was admitted over McGuire's objection.

■ On appeal the State concedes that this testimony should not have been admitted but argues that it was not prejudicial. The erroneous admission of hearsay testimony is presumed to be prejudicial unless the contrary is established affirmatively; however, the court will not find prejudice if substantially the same evidence has come into the record without objection. *State v. McKettrick,* 480 N.W.2d 52, 60 (Iowa 1992).

■ We agree with the State that substantially the same evidence was in the record through other sources without objection. An officer of the Iowa State Bank testified that the checks had been returned and marked "unable to locate." He testified that this means that the account had been closed for

quite some time. The bank apparently attached the label "unable to locate," rather than "account closed" to reflect the fact that the account had been closed for some time. Also, an Iowa State Bank officer told the arresting officer and McGuire at the time of McGuire's arrest that Boatmen's Bank had advised the Iowa State Bank that the car wash account was closed "some time ago." This statement came into the record without objection.

Because substantially the same evidence concerning the time lapse between the account closing and the dates on the checks was admitted without objection, McGuire was not prejudiced. We therefore reject his hearsay argument.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**