**STATE of Iowa, Appellee,**

v.

**Dean MOELLER, Appellant.**

**No. 97–1679.**

Supreme Court of Iowa.

Jan. 21, 1999.

David E. Mullin of Mullin & Laverty, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Steve Norby, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and CADY, JJ.

LARSON, Justice.

This is a discretionary review of the misdemeanor conviction of Dean Moeller for the violation of a no-contact order. *See* Iowa Code § 236.11 (1995) and 1995 Iowa Acts ch. 180, § 12 (codified at Iowa Code § 236.8 (1997)). Moeller raises two issues: (1) the admission by the magistrate of a written statement by the victim, and (2) the failure of the magistrate to make a specific finding of willfulness. We affirm.

I. *Facts.*

In December 1996 a district associate judge entered a no-contact order against Moeller based on his abusive conduct at the Moeller home. Under the no-contact order, Moeller was prohibited from having any contact with his wife, Karen, or her two children. Ten days after the order was entered, the

district court denied Karen's petition to lift the order.

Karen called the police on April 13, 1997, and said that she and Moeller had been living together since the entry of the no-contact order. That evening, a Cedar Falls police officer encountered Moeller at the police station and advised him that the no-contact order was still in place and that Moeller was not to have contact with Karen. Moeller responded that he thought Karen was going to have the order lifted. Later, on the same evening, Moeller and Karen went separately to the police station. When Moeller spotted his wife, he became upset and yelled at her; the police arrested him for violating the no-contact order.

On the day Moeller was arrested, Karen provided the police with a handwritten statement explaining that she and Moeller had been living together since January in violation of the court's no-contact order. As of the time her husband faced trial, Karen also was facing charges stemming from the April 13 incident, and her counsel advised her to plead the Fifth Amendment during Moeller's trial. The State introduced the handwritten statement by Karen, and that gives rise to the first issue: the introduction of hearsay evidence. The magistrate found Moeller guilty of violating the no-contact order but made no specific finding whether Moeller willfully violated the no-contact order. That is the second issue.

## II. *Standard of Review.*

■ A court's ruling on the admission of hearsay evidence is reviewed by us for errors at law. *State v. Hallum,* 585 N.W.2d 249, 254 (Iowa 1998); *State v. Ross,* 573 N.W.2d 906, 910 (Iowa 1998).

## III. *The Hearsay Argument.*

■ Karen's handwritten statement falls within the definition of hearsay because it is an out-of-court statement by a nontestifying declarant offered to prove the truth of the matter asserted. *See* Iowa R. Evid. 801(c). The magistrate admitted Karen's statement over Moeller's hearsay objection, but she did not specify what exception to the hearsay rule she relied on in admitting it. The very

brief record does not show the basis on which the State urged the acceptance of this evidence. Moeller, however, assumes that the magistrate relied on the hearsay exception based on the unavailability of the witness. *See* Iowa R. Evid. 804. Moeller's assumption rests on the fact that the magistrate's notes showed that the declarant had refused to testify. Moeller contends that, if unavailability of the declarant was the basis for the admission of the testimony, it was error because the State did not establish the necessary foundation under rule 804.

The State responds in two ways: first, the written statement was admissible as a statement against penal interest because in it the declarant stated that she had been living with Moeller, a violation of the order and therefore a crime. *See Henley v. Iowa Dist. Ct.,* 533 N.W.2d 199, 203 (Iowa 1995); *Hutcheson v. Iowa Dist. Ct.,* 480 N.W.2d 260, 262 (Iowa 1992). Second, the State contends that, even if it was error to admit the hearsay statement, it does not require reversal because other evidence of Moeller's violations was properly received. *See State v. McGuire,* 572 N.W.2d 545, 547 (Iowa 1997).

We need not speculate on what basis the magistrate admitted the evidence because we conclude that substantially the same evidence came in to the trial from other sources. A police officer testified that Moeller told the officer that he had been staying with his wife in the face of the no-contact order. In fact, Moeller asked the officer to accompany him to the family home to retrieve his belongings. In addition, the officer saw the heated confrontation between Moeller and his wife at the police station. In view of this evidence regarding Moeller's conduct in violation of the no-contact order, Karen's written statement that Moeller had been living with her was merely cumulative. The admission of the statement was therefore not prejudicial.

## IV. *The Willfulness Issue.*

■ Moeller contends the court erred in not requiring a showing of willfulness. He contends that, even though he had been informed that the order was still in effect, he might reasonably have believed that Karen

was successful in having the no-contact order lifted. Moeller relies on our cases stating that willful disobedience of a court order must be shown, a rule that applies in contempt cases. *See State v. Lipcamon,* 483 N.W.2d 605, 607 (Iowa 1992); *Bell v. Iowa Dist. Ct.,* 494 N.W.2d 729, 730 (Iowa App. 1992).

The problem is that Moeller was not cited for contempt. He was charged with a simple misdemeanor violation, as permitted by Iowa Code section 236.8 ("A person commits a simple misdemeanor or the court may hold a person in contempt for a violation of [a no-contact] order...."). Although Moeller contends that he was charged with the contempt alternative of section 236.8, the record does not bear that out. His case was shown throughout the magistrate and district court proceedings as a criminal charge for a misdemeanor. Even Moeller's own attorney, following the filing of a criminal complaint, acknowledged that the offense was a simple misdemeanor. He said so in his application to the court to exceed the suggested fee limitation in misdemeanor cases.

Although willfulness must be shown in a *contempt* case, Moeller cites no authorities that say a showing of willfulness is required in a simple misdemeanor prosecution for the violation of a no-contact order. We have said that the seriousness of a contempt finding, carrying up to six months in jail under Iowa Code section 665.4, is sufficient to require a showing of willfulness. *See Lipcamon,* 483 N.W.2d at 607. We conclude that, under the misdemeanor prosecution alternative of section 236.8, the State need not prove a willful violation of the no-contact order.

We believe the State sufficiently established the elements of the crime charged and therefore affirm.

**AFFIRMED.**