# IN THE COURT OF APPEALS OF IOWA

No. 18-2116
Filed May 13, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHANNA DESSINGER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

Judge.

Shanna Dessinger appeals her conviction and sentence for child

endangerment. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART,**

**AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Following a jury trial, Shanna Dessinger was convicted of child endangerment.  On appeal, she argues (1) hearsay was improperly admitted, (2) her Confrontation Clause rights were violated, (3) trial counsel was ineffective, and (4) the district court failed to make an ability-to-pay determination before imposing court costs.  We affirm Dessinger's conviction.  But we vacate the restitution portion of the sentencing order and remand for resentencing.

**I.      Facts and Prior Proceedings**

In May 2018, Dessinger worked at a daycare.  Children were assigned to different rooms based on their age.  On May 9, Dessinger was assigned to the four-year-olds' room.  In the adjacent room, Demetria Gully worked in the two-year-olds.  A wall separated the rooms.  There was a large window in the wall.  According to Gully, she looked through the window and saw Dessinger grab a child by the neck, strangle him, and throw him down to the ground.  Gully testified that she had a clear view of this incident and she was absolutely sure it happened.  She immediately went to the daycare supervisor, Cori Jewett, to report it.

Jewett told Dessinger to leave.  Jewett and Gully talked to the child, D.A.J., and asked him to demonstrate what happened.  He put his hands around his neck and appeared to strangle himself.  Meanwhile, D.A.J.'s father arrived to pick him up.  Both Jewett and D.A.J. told the father what happened.  The father reported the incident to the police.  Officer Paul Samuelson arrived and interviewed witnesses.

Dessinger denies any wrongdoing.  Instead, she contends she told the children to clean up after play time.  D.A.J. appeared to struggle getting an apron

off. Dessinger tried to help him. During that process, Dessinger stumbled. Although Dessinger was able to catch herself, she concedes D.A.J. might have fallen. But Dessinger denies strangling D.A.J. or squeezing his neck.

The State charged Dessinger with child endangerment. Prior to trial, Dessinger filed a motion in limine and challenged D.A.J.'s competency to testify. The district court found D.A.J. competent.

At trial, the State called Gully, Jewett, and Officer Samuelson. The State did not call D.A.J. Dessinger testified and called a character witness.

The jury found Dessinger guilty as charged. She appeals.

## II.     Standard of Review

We apply different standards of review to different issues. To begin with, we review Dessinger's "hearsay claims for correction of errors at law." *State v. Smith*, 876 N.W.2d 180, 184 (Iowa 2016).

Dessinger's confrontation claims are based on the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution. So we review those claims de novo. *State v. Kennedy*, 846 N.W.2d 517, 520 (Iowa 2014).

Similarly, our review of ineffective-assistance-of-counsel claims is de novo. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015) (noting "[w]e review ineffective-assistance-of-counsel claims de novo," "because such claims are grounded in the Sixth Amendment"). "We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge. However, we depart from this preference in cases where the record is adequate to evaluate the . . . claim." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) (internal citation omitted).

Finally, "[w]e review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019).

### III. Analysis

#### A. Hearsay

Dessinger first argues the district court erred in admitting hearsay. Dessinger identifies the following instances of hearsay: (1) Gully's testimony about D.A.J.'s out-of-court demonstration, (2) Jewett's testimony about D.A.J.'s out-of-court demonstration, (3) Jewett's testimony about D.A.J.'s out-of-court verbal statements, and (4) Officer Samuelson's testimony about D.A.J.'s out-of-court verbal statements.

We must first address error preservation. Dessinger objected to Gully's testimony about D.A.J.'s demonstration. So she properly preserved error on her first hearsay claim.

As to her other three hearsay claims, however, Dessinger did not object at trial. But she contends her objection to Gully's testimony *also* preserves error concerning *Jewett's* testimony about the same demonstration, as well as testimony by Jewett and Officer Samuelson regarding D.A.J.'s *verbal* statements. We agree in part.

In *State v. Kidd*, our supreme court explained: "Once a proper objection has been made *and overruled*, an objector is not required to make further objections to preserve his [or her] right on appeal when a subsequent question is asked raising the same issue. Repeated objections need not be made to the same class of evidence." 239 N.W.2d 860, 863 (Iowa 1976) (emphasis added); *accord Gacke v. Pork Xtra, L.L.C.*, 684 N.W.2d 168, 181 (Iowa 2004) ("Here Pork Xtra's attorney

had previously objected to two witnesses' testimony concerning the contents of the questionnaires *and these objections had been overruled* by the trial court. The defendant was not required to repeat its objection when DeWit was questioned concerning the content of the same questionnaires. Therefore, error was not waived." (emphasis added)).

This principle has some application here. During Gully's testimony, the court overruled the defense's hearsay objection to Gully's testimony about her "observations" of D.A.J.'s demonstration. And the court made it sufficiently clear that additional objections to the same sort of evidence would be "to no avail." *See Kidd*, 239 N.W.2d at 863. So we believe the defense preserved error as to both Gully's and Jewett's testimony about D.A.J.'s *non-verbal* demonstration.

The same is not true, however, as to testimony about D.A.J.'s *verbal* statements. The court did not *overrule* objections to that testimony. Rather, when Gully testified about D.A.J.'s *verbal* statement, the court *sustained* the defense's objection. And, as Professor Doré explains, "[t]he exception pertaining to objections to a class of evidence is . . . inapplicable where an objection is sustained. When this occurs, a proper objection must be interposed when the similar evidence is introduced." 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.103:4 (Nov. 2019 update) (footnote omitted). So the defense was required to object to any further efforts to introduce D.A.J.'s *verbal* statements. By failing to do so, the defense waived hearsay arguments as to Jewett's and Officer

Samuelson's testimony regarding D.A.J.'s *verbal* statements.[1]  *See State v. Tangie*, 616 N.W.2d 564, 568–69 (Iowa 2000).

So we turn to the only preserved issue—whether testimony about D.A.J.'s demonstration was inadmissible hearsay.  Hearsay is an out-of-court statement that is "offer[ed] into evidence to prove the truth of the matter asserted in the statement."  Iowa R. Evid. 5.801(c).[2]  A statement may be an oral assertion, a written assertion, or nonverbal conduct intended to be an assertion.  Iowa R. Evid. 5.801(a); *accord State v. Mueller*, 344 N.W.2d 262, 264–65 (Iowa Ct. App. 1983) (noting testimony regarding some nonverbal conduct is hearsay).  Hearsay is usually inadmissible unless an exception applies.  *See* Iowa Rs. Evid. 5.802, 5.803, 5.804.

As a starting point, we conclude D.A.J.'s demonstration was a "statement" because he was trying to communicate what Dessinger did to him.  *See* Iowa R. Evid. 5.801(a)(2) (noting "[n]onverbal conduct, if intended as an assertion," is considered a statement under the rule).  And it appears the statement was offered "to prove the truth of the matter asserted," namely, that Dessinger strangled D.A.J. Iowa R. Evid. 5.801(c).[3]  During Gully's testimony, the following colloquy occurred:

---

[1] Alternatively, Dessinger raises an ineffective-assistance claim to bypass error preservation.  We discuss all of Dessinger's ineffective-assistance claims below.
[2] *But see* Iowa R. Evid. 5.801(d) (identifying some out-of-court statements, such as admissions by a party opponent, "that are not hearsay" even when offered for the truth of the matter asserted).
[3] As Professor Mauet and Justice Wolfson explain:

> It is a mistake, for both judges and lawyers, to begin any analysis of an out-of[-]court statement with an assumption that hearsay is implicated and then to search for an applicable hearsay exception. There are too many kinds of out-of-court statements that are not hearsay.  Hearsay is an out-of-court statement that is offered for its

Q. Now, . . . you indicated . . . that [D.A.J.] showed you what happened to him?  A. Yes.  I actually told [Jewett] what happened, but we all were right there.

Q. So you observed it?  A. Yes.

Q. Could you tell us what you observed?

. . . .

Q. . . . . Could you tell us what you observed [D.A.J.] demonstrating?  A.  He grabbed [Jewett] by her neck . . .

. . . .

Q. Okay.  Would you characterize that as a choking.  A. Yes.

So we readily conclude that testimony about D.A.J.'s demonstration was hearsay.  *See State v. Galvan*, 297 N.W.2d 344, 347 (Iowa 1980).

The State contends, however, that either the present-sense-impression or the excited-utterance exception applies.  *See* Iowa R. Evid. 5.803(1), (2).  The State concedes these exceptions were never raised before or ruled on by the district court.  So the State asks this court to "allow substantial leeway when considering alternate theories of admissibility."  *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002) (noting general rule that we will not affirm on grounds not raised before trial court but noting an exception applicable to "evidentiary rulings, whether the error claimed involved rulings admitting evidence or not admitting evidence").  But Dessinger claims the record does not support application of either exception.  *See State v. Cagley*, 638 N.W.2d 678, 681 (Iowa 2001) (noting the "proponent of the hearsay evidence[] has the burden of proving it falls within an exception to the hearsay rule").

---

truth.  When an out-of-court statement is offered for any relevant purpose other than proving its truth, it is not hearsay.

Thomas A. Mauet & Warren D. Wolfson, Trial Evidence § 6.3 (7th ed. 2020); *see also id.* at § 6.2 ("Any analysis of an out-of-court statement must begin with this question: What is the *purpose* for offering the statement?").

We assume without deciding Dessinger is correct. Even so, we find the testimony about D.A.J.'s demonstration was merely cumulative. Therefore, even if no exception applies, admission of the testimony cannot justify reversal.

"[A]dmission of hearsay evidence over a proper objection is presumed to be prejudicial error unless the contrary is affirmatively established." *State v. Elliott*, 806 N.W.2d 660, 669 (Iowa 2011) (alteration in original) (citation omitted). "The contrary is affirmatively established if the record shows the hearsay evidence did not affect the jury's finding of guilt." *Id.* "One way to show the tainted evidence did not have an impact on the jury's verdict is to show the tainted evidence was merely cumulative." *Id.*

As Dessinger acknowledges, the substance of D.A.J.'s demonstration was the same as D.A.J.'s verbal assertions. And, as explained, Jewett and Officer Samuelson testified without objection about D.A.J.'s verbal statements. So we find testimony about D.A.J.'s demonstration was merely cumulative. *See id.*; *accord State v. McGuire*, 572 N.W.2d 545, 547 (Iowa 1997) ("The erroneous admission of hearsay testimony is presumed to be prejudicial unless the contrary is established affirmatively; however, the court will not find prejudice if substantially the same evidence has come into the record without objection.").

## B. Confrontation Clause

Dessinger next argues her Confrontation Clause rights were violated. She mentioned this issue in her motion in limine and challenge to D.A.J.'s competency. But she admits no objections were made at trial. And the record shows the district

court never ruled on the issue. We find error was not preserved.[4] *See Tangie*, 616 N.W.2d at 568–69 (finding a Confrontation Clause claim waived because, despite the assertion in the motion in limine, the court did not rule on the issue and no objection was made at trial); *see also State v. Vuong*, No. 02-2097, 2003 WL 22701354, at *2 (Iowa Ct. App. Nov. 17, 2003) ("Because he did not raise the confrontation issue to the district court, we conclude Vuong has failed to preserve error on the issue.").

## C. Ineffective-Assistance Claims

Next, Dessinger claims her trial counsel was ineffective in three ways.[5] First, as a fallback position to bypass error preservation issues, Dessinger contends trial counsel was ineffective for failing to raise hearsay objections concerning D.A.J.'s verbal statements. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules.").

But competent trial attorneys may have valid strategic reasons to forgo some meritorious objections. Those reasons are not always obvious on direct appeal. So "[w]e prefer to reserve such questions for postconviction proceedings

---

[4] Alternatively, Dessinger raises an ineffective-assistance claim to bypass error preservation. We discuss all of Dessinger's ineffective-assistance claims below.

[5] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). Therefore, we conclude the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.* Because the amendment is inapplicable, we need not address Dessinger's alternative argument of applying plain error review.

so the defendant's trial counsel can defend against the charge." *Tate*, 710 N.W.2d at 240. "This is particularly true where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999); *see State v. Nuno*, No. 17-1963, 2019 WL 1486399, at *5–6 (Iowa Ct. App. Apr. 3, 2019). We believe that is the case here. So we preserve this claim.

Similarly, Dessinger claims counsel's failure to raise Confrontation Clause objections constituted ineffective assistance. From this record, however, we cannot "discern the difference between improvident trial strategy and ineffective assistance." *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006). We preserve this claim as well. *See id.*

Finally, Dessinger alleges counsel was ineffective for failing to object to Officer Samuelson's opinion testimony regarding the credibility of the allegation that D.A.J. had been abused. This record does not tell us why trial counsel chose not to object. *See State v. Clay*, 824 N.W.2d 488, 500–01 (Iowa 2012) ("Until the record is developed as to trial counsel's state of mind, we cannot say whether trial counsel's failure to object implicated trial tactics or strategy."). We preserve this claim as well.

## D. Reasonable-Ability-to-Pay Determination

Finally, Dessinger contends the district court improperly ordered her to pay court costs and correctional fees. Under Iowa Code section 910.2(1)(a)(3) (2018), the district court may only order restitution for court costs, which includes correctional fees, after finding the defendant has a reasonable ability to pay. *See Albright*, 925 N.W.2d at 159. The district court did not make an ability-to-pay

determination as required. We vacate the restitution portion of the sentencing order and remand for resentencing consistent with *Albright*. *See id.* at 158–62.

## IV. Conclusion

We affirm Dessinger's conviction. But we vacate the restitution portion of her sentencing order and remand for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**